# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jesus Lara Nieto  
[A 079-039-862],

          Plaintiff,

v.

Kirstjen Nielsen, Secretary,  
Department of Homeland Security;  
Mario Ortiz, District Director, U.S.  
Immigration & Customs Enforcement  
(ICE); Peter Berg, District Director, U.S.  
Immigration & Customs Enforcement  
(ICE); Jefferson Beauregard  
Sessions, III, United States Attorney  
General,

          Defendants.

Civil No. 18-1943 (DWF/SER)

**MEMORANDUM OPINION AND ORDER**

---

Jason A. Nielson, Esq., and Herbert A. Igbanugo, Esq., Igbanugo Partners Int'l Law Firm, PLLC, counsel for Plaintiff.

Ann M. Bildtsen, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

---

      This matter is before the Court on Plaintiff Jesus Lara Nieto's Emergency Motion for Temporary Restraining Order (the "Motion"). (Doc. No. 5.) The Government opposes the Motion. (Doc. No. 14.) For the reasons set forth below and in the Court's July 9 and July 16, 2018, orders in *Lara Nieto v. Nielsen, et al.*, Civ. No. 18-1873, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Motion.

The Court has previously described, in detail, the background facts of this case in its July 16, 2018 Memorandum in *Lara Nieto v. Nielsen, et al.*, Civ. No. 18-1873 ("*Nieto I*"). *See* Doc. No. 26, Civ. No. 18-1873 (the "*Nieto I* Order"). The Court therefore incorporates by reference the background and analysis set forth in the *Nieto I* Order.

In this action, Plaintiff asks the Court to compel U.S. Citizenship and Immigration Services "to adjudicate [Plaintiff's] May 4, 2018 Motion requesting the 2003 administrative removal order be reopened and vacated due to the fact it was entered based upon the allegation that Mr. Lara Nieto was convicted of a drug trafficking crime." (Doc. No. 18 at 2.) Plaintiff contends that 28 U.S.C. § 1361 provides the Court with jurisdiction over this matter.

The Court disagrees. In *Nieto I*, Plaintiff also relied on 28 U.S.C. § 1361 as a basis for jurisdiction. In its *Nieto I* Order, the Court rejected Plaintiff's argument, noting that 8 U.S.C. § 1252(a)(5) deprives the Court of jurisdiction to consider Plaintiff's claims, "the Eighth Circuit has exclusive jurisdiction to consider Plaintiff's challenge," and "Plaintiff's arguments are appropriately before the Eighth Circuit" on his pending petition for review. *Nieto I* Order at 5, 7. As in *Nieto I*, the Court finds that it lacks jurisdiction to consider Plaintiff's challenge to his reinstatement of removal order.

Based upon the Court's review of the record, all the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court respectfully denies Plaintiff's Motion.

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff Jesus Lara Nieto's Emergency Motion for Temporary Restraining Order (Doc. No. [5]) is respectfully **DENIED**.

Dated: July 16, 2018                  s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge